J-S39003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE FRANCISCO SOSA-REYES | |
| Appellant | No. 1746 MDA 2015 |

Appeal from the PCRA Order entered September 8, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006652-2010

BEFORE:  STABILE, PLATT,[*] and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 08, 2016**

Appellant, Jose Francisco Sosa-Reyes, appeals from the September 8, 2015 order entered in the Court of Common Pleas of York County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In addition, counsel has filed a ***Turner-Finley*** "no-merit" letter[1] and a petition seeking to withdraw. Following review, we grant counsel's petition and affirm the order of the PCRA court.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 22, 2011, Appellant entered an open guilty plea to third-degree murder. 18 Pa.C.S.A. § 2502(c). On February 3, 2012, he was sentenced to 20 to 40 years in a state correctional institution. Trial counsel filed a motion for reconsideration of sentence and a petition to withdraw. Concurrently, Appellant filed a *pro se* motion to withdraw his guilty plea. Following a hearing, the trial court denied the motions for reconsideration of sentence and withdrawal of the guilty plea while granting counsel's petition to withdraw.

A timely direct appeal was filed to this Court in which Appellant claimed the trial court abused its discretion by denying the motion to withdraw his guilty plea. Appellant also contended that his sentence was excessive and failed to reflect that he was not the principal actor, that he lacked a criminal record, and that he was remorseful. This Court affirmed Appellant's judgment of sentence on December 20, 2012, relying largely on the reasoning of the trial court. **Commonwealth v. Sosa-Reyes**, 64 A.3d 29 (Pa. Super. 2012) (unpublished memorandum).

On May 5, 2013, Appellant filed his first PCRA petition followed by an amended petition on October 2, 2013. On June 25, 2014, PCRA counsel was appointed. A hearing was held on January 27, 2015, during which both Appellant and plea counsel testified.

By order entered September 8, 2015, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On January 4, 2016, Appellant's PCRA counsel filed an application to withdraw as counsel along with a "no-merit" letter, in which he repeats the sole assertion of error raised in Appellant's Rule 1925(b) statement, *i.e.*, whether the PCRA court abused its discretion in denying Appellant's PCRA petition and requested relief. Counsel's No-Merit Letter, 1/4/05, at 1.[2]

Before we may consider whether the PCRA court abused its discretion by denying Appellant's PCRA petition and requested relief, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

(1)    PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2)    PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants

_____

[2] We note that counsel incorrectly indicated in his no-merit letter that "should" this Court grant counsel's petition to withdraw, Appellant would have the right to proceed *pro se* or with assistance of privately-retained counsel. In light of counsel's error, this Court issued an order on January 7, 2016, advising Appellant that he could file a response to the petition within 30 days of the order. On February 17, 2016, Appellant requested an extension for filing a response. By order of February 19, 2016, we granted Appellant's request and set March 7, 2016 as the deadline for filing a response. Appellant did not file a response despite the extension granted.

the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3)     This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *abrogated by Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has petitioned for leave to withdraw and filed a *Turner*/*Finley* no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.[3]

We now turn to this appeal to determine whether it is indeed meritless. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[3] *See* n. 2.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

With regard to Appellant's PCRA hearing, the PCRA court explained that despite asserting multiple claims in his PCRA petition, Appellant proceeded on the sole claim of plea counsel's ineffectiveness for indicating Appellant would be deported as soon as he entered a plea and would never serve his sentence, thereby inducing Appellant to accept the plea. Further, Appellant claimed he was told he was facing a maximum sentence of fourteen, rather than forty, years. PCRA Court 1925(a) Opinion, 9/8/15, at 2.

After summarizing the factual and procedural background of the case, as well as the testimony from guilty plea, sentencing, and PCRA hearings, *id.* at 2-6, the PCRA court quoted ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009), and its three-pronged test for ineffectiveness of counsel, *i.e.*, that the underlying claim has arguable merit, that counsel's actions lacked any reasonable merit, and that counsel's actions resulted in prejudice to the petitioner. ***Id.*** at 6-7. The PCRA court then explained:

> [Appellant's] petition fails the very first prong of the test outlined above for ineffectiveness of counsel. There can be no arguable merit to [Appellant's] assertions regarding penalty where, as indicated in our retelling of the facts, [Appellant] was not misinformed by counsel, or this [c]ourt, of the maximum penalty he faced. Even if, *arguendo*, our memory fails and both Commonwealth and defense counsel had been inept in failing to correct our misstatement of the maximum, [Appellant] was informed on multiple other occasions and through his written colloquy that forty years was the potential maximum.

Additionally, at sentencing, [Appellant] was offered a chance to withdraw his plea and declined to do so. [Appellant] would have had to willfully ignore the *multiple* contradictions as to the potential incarceration penalty. Moreover, ignorance is not indicated because [Appellant] presented no evidence from the various translators that he had been confused and had requested clarification from [plea counsel]. Rather [plea counsel] testified that [Appellant] never communicated confusion.

In regards to the specific claim presented at the PCRA hearing that [plea counsel] told [Appellant] he would be deported and would not serve a full sentence, there is no arguable merit. As discussed earlier . . ., it is inconceivable to this [c]ourt that [plea counsel] would have made such declarations to [Appellant] where [plea counsel] had indicated to the [c]ourt that he could not speak to how immigration authorities would handle [Appellant's] case following sentencing. Finding no arguable merit in [Appellant's] complaints, we decline to proceed to the second and third prongs of the test as it would be a fruitless exercise where all three prongs must be met.

***Id.*** at 7-8.

We find that the PCRA court's factual findings are supported by the record. Therefore, we shall not disturb them. Further, we find the PCRA court's legal conclusions are supported by the evidence of record and are free of legal error. Therefore, we affirm the PCRA court's dismissal of Appellant's petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016

- 6 -